IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

00 OCT 20  AM 10: 47

AVERY L. JONES,
    Plaintiff,

vs.

SOUTHWEST AIRLINES,
    Defendant.

Civ. No. CIV.  99-902 LCS ACE

CLERK ALBUQUERQUE

## PLAINTIFF'S FINDING OF FACTS AND CONCLUSIONS OF LAW

### Findings of Fact

1. Plaintiff was hired as a Ramp Agent with Southwest Airlines on November 3, 1990, and worked in that capacity until he and Greg Rullman were terminated on December 12, 1997 for participating in a fight and striking another employee in a display of anger, among other violations, contrary to the Defendant's Basic Rules of Conduct.

2. At the time of Plaintiff's termination Southwest Airlines Ramp Agents were governed by Defendant's Basic Rules of Conduct, violations of which could result in disciplinary action, including mandatory termination from employment.

3. Southwest Airlines also had in effect a collective bargaining agreement. All Ramp Agents were members of the Transport Workers Union and were bound by the terms of the collective bargaining agreement ("Agreement").

4. It was through the Agreement that Plaintiff and Greg Rullman pursued administrative relief after they were terminated from their employment for violation of the Basic Rules of Conduct.



5.  Included in the Agreement are rules governing attendance policies which specifically provide that an employee receiving a chargeable occurrence of seven or more points for absenteeism or tardiness shall be terminated.

6.  Greg Rullman was also involved in another altercation with a non-minority Caucasian co-employee, Eddie Cahill.  They were engaged in a fight in the break room in the presence of a Southwest Airlines supervisor and neither Rullman nor Cahill received any discipline, contrary to the mandatory termination provisions set forth in the Basic Rules of Conduct.

7.  Plaintiff's work history reflected ratings in the superior category, satisfactory in some categories, and unsatisfactory in others.  He also had attendance problems periodically but never exceeded the maximum points allowed before mandatory termination was triggered.

8.  Greg Rullman's work history was substantially the same as Plaintiff's.

9.  Plaintiff was qualified to do the job of Ramp Agent and was so qualified on December 12, 1997.

10.  The altercation between Plaintiff and Rullman had its origin in a shift trade, which was allowed by the terms of the Agreement.  On December 8, 1997, Avery Jones contacted Greg Rullman and asked if he would work a portion of a shift.  He agreed he would.  When Greg Rullman arrived at the workplace and discovered that he would be working a shift trade on behalf of Robert Cota instead of Plaintiff, he became upset with Plaintiff and confronted Plaintiff.

11.  Greg Rullman told Plaintiff that he had lied to him.  Plaintiff and Rullman then went about their separate duties but later came into contact with each other again at Flight 521 near Gate 6.

12.  Plaintiff had taken customer baggage to Flight 521 where Rullman was working.

2

13.  When Rullman saw Plaintiff, he approached  and continued the prior argument, poking Plaintiff in his chest and slapping him in the face.  Plaintiff wrestled Rullman to the ground and both men were restrained from further contact by other co-employees.

14.  Several of Plaintiff's co-employees witnessed the altercation between Plaintiff and Rullman, including Lawrence Judy, Hugh Barlow, Sandy McAdam, Damon Bisetti, and Fidel Garcia.

15.  The majority of the witness accounts reflect that no one, except Fidel Garcia, witnessed the beginning of the confrontation between Plaintiff and Rullman.

16.  Plaintiff and Rullman were suspended, with pay, on December 8, 1997 pending the outcome of a fact finding meeting respecting the physical altercation that took place between Plaintiff and Rullman.

17.  Greg Winston, Southwest Airlines' Station Manager for Albuquerque, conducted a fact finding meeting on December 9, 1997 to discuss the physical altercation that took place between Plaintiff and Greg Rullman.

18.  Plaintiff and Greg Rullman were terminated from employment with Southwest Airlines on December 11, 1997 for violation of Basic Rule of Conduct, including: restricting work, using threatening or abusive language, intimidating, coercing or interfering with fellow employees or their work; participating in a fight with another employee; unacceptable or immoral behavior on Company property; abusive and disrespectful behavior to a fellow Southwest Airlines employee; and for striking another employee in a display of anger.  Striking another employee in a display of anger carried with it a mandatory termination provision.

3

19.  Plaintiff and Rullman appealed their terminations to the System Board of Adjustment, a panel of two union and two management representatives established pursuant to a contract between Southwest Airlines and the Union representing Ramp Agents.

20.  Regional Director at Southwest Airlines Willie Edwards presented Southwest Airlines' position before the System Board, in two separate hearings, contending that Plaintiff and Rullman should be terminated for fighting on the job, and also discussed both men's performance appraisals and attendance records.

21.  The System Board voted unanimously to uphold Plaintiff's termination.

22.  The System Board deadlocked in Rullman's hearing decision but Southwest Airlines decided to reinstate Rullman in lieu of arbitration because Rullman had a good work history.

## Proposed Conclusions of Law

1.  Southwest Airlines is an employer as defined by U.S. 42 U.S.C. Section 2000e(b).

2.  Plaintiff, Avery Jones, is an African American, and is a citizen of the United States.

3.  Plaintiff is a racial minority.

4.  Plaintiff was disciplined by his employer, Southwest Airlines, and terminated for violation of the Basic Rules of Conduct regarding, among other things, participating in a fight and striking another employee in anger.  His job was not eliminated after his termination.

5.  Greg Rullman and Eddie Cahill, similarly situated non-minority employees, were treated differently than Plaintiff because their employment was retained with

4

Southwest Airlines even though they had violated the Basic Rules of Conduct prohibition against participating in a fight and striking another in a display of anger.

6.  Plaintiff established his prima facie case for impermissible discriminatory discharge for violation of a work rule under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and pursuant to McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802-03 (1973) and Kendrick v. Penske Transportation Services, No. 99-3160 (10th Cir. Aug. 8, 2000).

7.  The System Board of Adjustment decisions regarding Plaintiff and Rullman was proffered as the legitimate nondiscriminatory reason for the different outcomes, that Plaintiff was terminated and Rullman reinstated.  The decisions were pretextual.

8.  Plaintiff established pretext by showing that mandatory termination provisions of the Basic Rules of Conduct, particularly in reference to striking another in a display anger, was not enforced against non-minority Ramp agents Rullman and Cahill but was enforced against Plaintiff.

9.  Defendant acted contrary to its own written company policy in making its decision to terminate Plaintiff and reinstate Rullman and is therefore liable under Title VII of the Civil Rights Act of 1964, as amended, for impermissible discriminatory discharge.

10.  Plaintiff suffered compensatory damages as a result of Defendant's discriminatory termination of Plaintiff's employment.

Respectfully submitted,

Steven A. Harrell
Attorney for Plaintiff
P.O. Box 27142
Albuquerque, NM  87120
(505) 839-9874

5